SC

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,                    )      No. CV 12-1142-PHX-DGC (MEA)
                                             )
                    Plaintiff,               )      No. CR 11-0933-PHX-DGC
                                             )
v.                                           )      **ORDER**
                                             )
Hugo Rodriguez,                              )
                                             )
                    Defendant/Movant.        )
_____)

          On May 29, 2012, Movant Hugo Rodriguez, who is confined in the Reeves Correctional Institution in Pecos, Texas, filed a *pro se* Motion Less than 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc.1.)  The Court will summarily dismiss the Motion.

**I.     Procedural History**

          The Court summarizes Movant's underlying criminal case as relevant to various assertions made by in his § 2255 Motion.  On April 26, 2011, a criminal complaint was filed against Movant.  United States V. Rodriguez, No. CR11-0933-PHX-DGC, Doc. 1.  On May 11, 2011, Movant was indicted on two counts. Id., Doc. 10.  In count 1, he was charged with knowingly and intentionally importing 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1)(B)(ii).  Id., Doc. 10 at one.  In count II, Movant was charged with knowingly and intentionally possessing with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and

1    geometric isomers, and salts of its isomers, a Schedule II Controlled Substance, in violation

2    of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii)(II).  Id. at 2.

3         On September 6, 2011, Movant entered into a plea agreement. Id., Doc. 19.  The plea

4    agreement provided that if Movant made a full and complete disclosure to the Probation

5    Office of the circumstances surrounding his commission of the offense and demonstrated

6    acceptance of responsibility, the government would recommend a two-level reduction in the

7    applicable sentencing guideline offense level pursuant to § 3E1.1(a) of the Sentencing

8    Guidelines. Id., Doc. 19 at § 3(a).  The government also agreed to recommend an additional

9    one-level reduction in the applicable sentencing guidelines offense level pursuant to

10   § 3E1.1(b) of the Sentencing Guidelines if Movant had a total offense level of 16 or more.

11   Id.  The parties further agreed that if Movant qualified for the "safety valve" reduction

12   pursuant to 18 U.S.C. § 3553(f)(1) and USSG §§ 2D1.1(b)(11) and 5C1.2(a), he would

13   receive the applicable reduction in the guideline offense level. Id., at § 3(b).  In addition, the

14   government agreed to recommend that Movant be sentenced to a term of imprisonment no

15   higher than the low end of the advisory Sentencing Guidelines range, as determined by the

16   Court, and not to oppose Movant's request for a minor role reduction.  Id. at § 3(c)(d).

17   Finally, the government agreed to dismiss count 1 of the indictment.  Id., § 4(b).

18        The same day that Movant signed the plea agreement, i.e., September 6, 2011, Movant

19   entered a guilty plea before Magistrate Judge Duncan, after consenting to referral to

20   Magistrate Judge Duncan for that purpose.  Id. at Doc. 16, 17.  Magistrate Judge Duncan

21   found that Movant  understood the nature of the charge against him and the elements of the

22   offense to which he pleaded guilty; understood that he had the right to go to trial with the

23   assistance of counsel,  to confront the evidence against him, and the right against self-

24   incrimination; understood what the maximum possible sentence was, including the effect of

25   any supervised release term; understood that the Sentencing Guidelines were advisory and

26   that the Court could sentence him outside the Guidelines, if he were convicted at trial; that

27   Movant's plea was knowingly and voluntarily made and was not the result of force, threats,

28   or promises apart from the plea agreement between the parties; that Movant was competent

to plead guilty; that Movant understood that his answers could later be used against him in a prosecution of perjury or false statement, that he was waiving the right to a jury trial, that he was waiving the right to appeal or to collaterally attack his sentence and that such waiver was knowing, voluntary, and intelligent, and that he was satisfied with his attorney's representation. Id. Doc. 20 at 2-3. Magistrate Judge Duncan ordered that any objection to the guilty plea, or to supplement the plea proceedings, be filed within 14 days of the service of a copy of the findings and recommendations. Id. at 2. Movant did not file an objection.

On November 4, 2011, this Court adopted Magistrate Judge Duncan's recommendation that the guilty plea be accepted, but deferred acceptance of the plea agreement until sentencing and ordered preparation of a presentence report (PSR). Id., Doc. 21. A PSR was prepared and distributed to the Court and the parties. The PSR subtracted two levels for acceptance of responsibility and a third level for assistance in the investigation or prosecution of Movant's own misconduct by notifying the government of his intent to plead guilty. Further, the PSR subtracted two levels from the guideline offense level because Movant qualified for the "safety valve" pursuant to 18 U.S.C. § 3553(f)(1) and USSG §§ 2D1.1(b)(11) and 5C1.2(a). The PSR noted that the government would not oppose a minor role reduction, which if granted by the Court would result in a guideline imprisonment range of 46 to 57 months.

On December 15, 2011, Movant's counsel filed an objection to the PSR. (Doc. 24.) Movant's counsel objected to the PSR's failure to recommend a minor role reduction of two levels. CR11-0933, Doc. 24. She agreed with the PSR writer that application of a two-level reduction for minor role pursuant to USSG §§ 3B1.2 and 2D1.1(a)(3) would result in a guideline imprisonment range of 46 to 57 and she asked that Movant be sentenced to no more than 46 months. Id. Movant's counsel also filed a sentencing memorandum in which she requested an additional 12-month decrease from the low-end of the guideline range of 46 months, or no more than 34 months, pursuant to 18 U.S.C. § 3553. Id., Doc. 25. The government did not oppose a reduction for Movant being a minor participant, but did oppose the additional 12-month decrease pursuant to § 3553. Id., Doc. 26.

Movant was sentenced on January 9, 2012. Id., Doc. 27, 28.  At sentencing, the Court applied a two-level reduction for minor role and otherwise approved the recommendations contained in the PSR, finding a guideline sentencing range of 46 to 57 months.  Movant's counsel again asked the Court to grant a further 12-month decrease pursuant to § 3553.  The Court denied that request and sentenced Movant to a 46-month term of imprisonment followed by three years on supervised release.

**II.     Section 2255 Motion**

Movant seeks a reduction of his sentence on several grounds, including that he was denied a safety valve adjustment, a reduction for acceptance of responsibility and co-operation with the government, and a reduction as a minor participant.[1]  Movant also  seeks a variance from the U.S. Sentencing Guidelines (USSG) to substantially less than 46 months to pursuant to 18 U.S.C. § 3553(a).  He also seeks a reduction pursuant to § 5H1.3 based on a substantial substance abuse problems.[2]  Further, Movant asserts that he received ineffective assistance of counsel where counsel advised him to accept the plea agreement to avoid prosecution on more charges that would likely result in his conviction and imposition of a longer sentence than if he entered into the plea agreement.[3]  Movant asserts that his attorney used "his" influence to persuade Movant to enter into the plea agreement.[4] Id., Doc. 30 at 6.  Movant fails to allege when or how he conferred with counsel about withdrawing his guilty plea or how any advice from counsel was improper.

---

[1]  Because the Court applied reductions pursuant to the safety valve, granted him a three level reduction for acceptance of responsibility and co-operation with the government, and a two-level minor role reduction, Movant's contentions regarding these issues are moot.

[2]  Movant denied any substance abuse problems to the PSR writer.

[3]  In fact, the government agreed to dismiss count 1 and not to prosecute Movant for any offenses committed by him, and known by the government, in connection with the investigation that brought about the plea in this case.  Id., Doc. 19 at § 4(c).

[4]  Movant was represented by Jeannette Alvarado, a Deputy Federal Public Defender.

1    Movant also asserts that the Court did not address him in open court or determine that

2  his guilty plea was voluntary and not the result of force, threats, or promises not contained

3  in the plea agreement.  Movant contends that his attorney and the government agreed that he

4  would not be indicted "as long as he agreed to 60 months sentence" and that "[c]onsequently

5  on the day that the trial was to begin the [Movant] signed the 60 months plea agree[ment]

6  based on the advi[ce] of his counsel that if he did not plead guilty he was going to be indicted

7  on more charges."  Id. at 7.  Movant further alleges that his guilty plea was involuntary and

8  coerced because the government threatened to prosecute him on additional charges unless

9  he entered into the plea agreement.[5]

10   Movant also alleges that he received the ineffective assistance of counsel.  CR11-

11  0933, Doc. 30 at 10.  He states that counsel failed to conduct an adequate investigation and

12  to prepare for trial and that counsel failed to bring the nature of the plea agreement to the

13  Court's attention and that "his [counsel's] affirmative action to prevent the court from

14  learning the terms of the Plea Agreement that were outside the court's knowledge [sic]."  Id.

15  at 12. Movant contends that a conflict of interest existed between him and his attorney that

16  prevented Movant from entering a knowing and voluntary guilty plea.  Id.  Movant also

17  alleges that his attorney failed to "properly advise him in connection with the filing of a

18  motion to withdraw [the] guilty plea[.]"[6]  Id.

19

20

21    [5]  These assertions will also be summarily dismissed.  Movant was indicted on two
22  counts on May 11, 2011 and he was sentenced to 46 months.  Movant's assertions regarding
the government agreeing not to indict him and his signing of a plea agreement on the day trial
23  was scheduled to begin are contradicted by the facts of this case.  Movant's assertions that
he was not personally addressed by Magistrate Judge Duncan or this Court are also
24  contradicted by the record in this case.  This Court has listened to a recording of Movant's
plea colloquy before Judge Duncan.  During that colloquy, Movant was directly addressed
25  by Judge Duncan who provided clarification in response to Movant's questions.  Movant
unequivocally entered his guilty plea and agreed that his guilty plea was not the result of
26  threats or promises not contained in the plea agreement.  At sentencing, this Court directly
27  addressed Movant and afforded him the opportunity to speak on his own behalf.

28    [6]

1    **III.    Summary Dismissal**

2        A district court must summarily dismiss a § 2255 application "[i]f it plainly appears

3    from the motion, any attached exhibits, and the record of prior proceedings that the moving

4    party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the

5    United States District Courts.  When this standard is satisfied, neither a hearing nor a

6    response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526

7    (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).  In this case,

8    the record shows that summary dismissal under Rule 4(b) is warranted because Movant has

9    waived the right to bring a § 2255 motion.

10   **III.    Waiver**

11       The Ninth Circuit Court of Appeals has found that there are "strict standards for

12   waiver of constitutional rights."  United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th

13   Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must

14   indulge every reasonable presumption against waiver of fundamental constitutional rights.

15   United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this action, Movant's

16   waiver was clear, express, and unequivocal.  As noted above, the Court listened to a

17   recording of Movant's plea colloquy before Magistrate Judge Duncan and Movant

18   unequivocally entered his guilty plea and agreed that his guilty plea was not the result of

19   threats or promises not contained in the plea agreement.  See n.6, supra.

20       Plea agreements are contractual in nature, and their plain language will generally be

21   enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

22   398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a

23   § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431,

24   433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only

25   claims that cannot be waived are claims that the waiver itself was involuntary or that

26   ineffective assistance of counsel rendered the waiver involuntary.  See Washington v.

27   Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the

28   right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an

ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255. The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

CR11-0933, Doc. 29 at 4-5 (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. Id. at 7-9; see n.6, supra. Magistrate Judge Duncan so found and recommended acceptance of Movant's guilty plea as knowing, voluntary, and intelligent.

Id., Doc. 20.  Further, a recording of the plea colloquy confirms that Movant unequivocally entered his plea agreement and waived his right to appeal or file a collateral motion.

Movant's assertions in his § 2255 Motion all pertain to sentencing.  Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion.  The Court accepted his plea as voluntarily made and sentenced Movant in accordance with the terms of the plea agreement.  Consequently, the Court finds that Movant waived the sentencing issues raised in his § 2255 Motion.  Thus, the Court will summarily dismiss the § 2255 Motion.  Accordingly,

**IT IS ORDERED:**

(1)     The Clerk of Court must **terminate** Doc. 30 in CR11-0933-PHX-DGC.

(2)     The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1 in CV12-1142-PHX-DGC (MEA)) is **denied** and the civil action opened in connection with this Motion (CV 12-1142-PHX-DGC (MEA)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(3)     Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 13th day of August, 2012.

_____
David G. Campbell
United States District Judge

- 8 -